### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAMES PAVATT,<br>　　　　　　Plaintiff,<br><br>and<br><br>JEFFREY D. MATTHEWS,<br><br>　　　　　　Intervenor Plaintiff,<br><br>v.<br><br>(1) JUSTIN JONES, in his capacity as Director of the Oklahoma Department of Corrections;<br>(2) RANDALL WORKMAN, in his capacity as Warden of the Oklahoma State Penitentiary;<br>(3) EARNEST D. WARE;<br>(4) TED LOGAN;<br>(5) MATTHEW HUNTER MCBEE;<br>(6) ROBERT L. RAINEY;<br>(7) LINDA NEAL;<br>(8) JERRY SMITH;<br>(9) DAVID C. HENNEKE, in their capacities as members of the Oklahoma Board of Corrections; and<br>(10) - (60) DOES 1-50, UNKNOWN EXECUTIONERS, in their capacities as employees and/or agents of the Oklahoma Department of Corrections,<br><br>　　　　　　Defendants. | Case No. CIV-10-141-F |

### PROTECTIVE ORDER

Defendants' Motion for Protective Order (Doc. 40) is now before the Court. Having reviewed Defendants' Motion and all filings relevant thereto, the Court finds that Defendants' Motion is supported by good cause and should be granted.

　　IT IS THEREFORE ORDERED:

1. Unless otherwise ordered, none of the documents, materials, testimony or information generated or produced during discovery in this action and designated by any party as "CONFIDENTIAL" shall be revealed or disclosed, in whole or in part, or described, in whole or in part, to any person other than:

    a. the parties' attorneys who are involved in the prosecution or defense of this action;

    b. employees of such attorneys, who are involved in the prosecution or defense of this action;

    c. expert witnesses who have been retained or consulted to assist in the prosecution or defense of this action; and

    d. the trial judge in this action, and administrative personnel of the trial judge's office.

2. None of the documents, materials, testimony or information so designated as "CONFIDENTIAL" shall be used by any recipient authorized in subparagraphs (a)-(d) above for any purpose other than the prosecution or defense of this action.

3. Documents, materials, testimony or information may be designated by a party as "CONFIDENTIAL" by a written notice to the non-designating party or parties describing the designated documents, materials, testimony or information. Alternately, documents may be designated as "CONFIDENTIAL" by marking a document with the notation "CONFIDENTIAL." Alternately, information and testimony generated during depositions may be designated as "CONFIDENTIAL" by

the making of a statement on the record that confidential treatment under this Order is requested.

4. Documents, including transcripts, which have been designated as "CONFIDENTIAL," or which contain information designated as "CONFIDENTIAL," and which are filed with the Court, shall be filed in sealed envelopes bearing the title of the case and the prominently displayed notation: "CONFIDENTIAL: NOT TO BE OPENED EXCEPT BY COURT ORDER."

5. Any photographs or video reproduction ("digital images") taken of the execution chamber at Oklahoma State Penitentiary during the course of this litigation are considered confidential and are subject to this protective order. Such digital images may only be used for the litigation of this case. All print reproductions or video media shall be stamped "CONFIDENTIAL". Plaintiffs' counsel and all persons affiliated with Plaintiffs shall delete all electronic copies of such digital images and return all printed images to Defendants after this lawsuit has become final.

6. Each party will designate as "CONFIDENTIAL" only those documents, materials, testimony and information which they in good faith believe to be confidential, or which will cause a party or person annoyance, embarrassment or oppression, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

7. If either party believes that any document or item of information was improperly designated as "CONFIDENTIAL," that party may file a motion with the Court, under seal, requesting that the seal be lifted with regard to any identified testimony or exhibits and set forth the reasons that the matter is either not "CONFIDENTIAL" or

that it should be unsealed regardless of its status. The requirement to file this motion to unseal does not alter the fact that it is the designating party's burden to establish the basis for the sealing of any documents or testimony.

8. In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand or other process or request seeking disclosure of any document or information designated as "CONFIDENTIAL," such entity or person shall serve immediate written notice of such request to all parties, together with a copy of such process.

9. Each recipient authorized by this Order, to whom "CONFIDENTIAL" information, documents, materials or testimony has been disclosed, or is disclosed pursuant to this Order, shall be advised that it is subject to the terms of an order of the Court, and that the sanctions for any violation of this Order include the penalties which may be imposed by the Court for contempt.

10. This Order shall not terminate upon termination of this litigation. Any documents, transcripts or other materials produced by a party and designated as "CONFIDENTIAL," and all copies thereof, shall be returned to the producing party when the case is closed and not subject to further review, as determined by the Court.

11. The Clerk is directed to maintain under seal all pleadings, documents and transcripts of testimony filed in Court in this action which have been designated, in whole or in part, as "CONFIDENTIAL" pursuant to this Order, provided that any such materials shall be lodged with the Clerk in a sealed envelope bearing a label clearly disclosing

that the enclosed materials have been designated as "CONFIDENTIAL" and are filed under seal.

12. Messrs. Matthews and Pavatt (and any other inmate who joins this case) will not be permitted to view photos, videos, or depictions of the execution chamber, or other documents produced by Defendants in this litigation. The Court finds that the prison's unique security interests concerning the execution process outweigh Plaintiffs' interest in allowing Messrs. Matthews and Pavatt direct access to any of the documents or testimony produced or procured during the course of this litigation. This is particularly so in light of the fact that Messrs. Matthews and Pavatt's lack of access to this information will have no bearing on the outcome of the litigation. Messrs. Matthews and Pavatt (and any other inmate who joins this case) are not to be permitted to view photos, videos, or depictions of the execution chamber, or any of the documents produced by Defendants or any of the transcripts generated during discovery which may be designated as confidential. This Order does not preclude Plaintiffs from re-urging this matter as to any specific document. This Order also does not preclude Messrs. Matthews and Pavatt (and any other inmate who joins this case) from having direct access to any non-confidential document that is filed with the Court in a manner making it publicly available through the Court's ECF system.

13. The identities of the members of the execution team who are not employees of ODOC (the executioners, the physician(s), the pharmacist(s), and the medical personnel involved with obtaining IV access) shall remain confidential. Plaintiffs and their

counsel shall not inquire into the identifies of these individuals or seek information that is calculated to lead to the discovery of the identity of these individuals.

14. Plaintiffs' inquiry shall also be limited to matters arising from executions occurring since the change of the lethal injection protocol on or about August 7, 2006. Plaintiffs shall not inquire into the subject of executions occurring prior to August 7, 2006, given that such occurrences would not bare on the constitutionality of the current policy.

15. This Order shall not be modified except after notice and an opportunity to be heard is accorded all parties, except that neither this paragraph, not anything else in this Order, shall preclude the Court from making reference to confidential information or materials in orders entered by the Court.

Dated this 30th day of August, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0141p010.PO.wpd