# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES PAVATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| JEFFREY D. MATTHEWS and ) | |
| JOHN DAVID DUTY, ) | Case No. CIV-10-141-F |
| ) | |
| Intervenor Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | |
| JUSTIN JONES, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

The motions for preliminary injunction of intervenor plaintiffs Jeffrey D. Matthews and John David Duty were heard on November 19, 2010. For the reasons which were stated at length on the record, the intervenors did not satisfy the prerequisites to the granting of a preliminary injunction enjoining the defendants from carrying out the sentences of death using a lethal injection protocol incorporating the use of pentobarbital as the first of the three chemicals to be injected.

Specifically, on the issue of likelihood of success on the merits, the court found, applying the standards set forth in <u>Baze v. Rees</u>, 553 U.S. 35, 50-51 (2008), and its progeny, that the evidence clearly demonstrates that any risk associated with the intravenous injection of 5,000 milligrams of pentobarbital falls far short of the level

of risk that must be shown as a prerequisite to establishing an Eighth Amendment claim.

The evidence persuasively established, and the court finds, that the intravenous injection of 5,000 milligrams of pentobarbital will, at a minimum, induce a barbiturate coma, and that the far more likely outcome is the suppression of respiratory and central nervous system activity to the point that death will result within a short time after injection of the chemical. The likelihood of any other outcome of the intravenous injection of 5,000 milligrams of pentobarbital is effectively nil. The likelihood that the inmate will be sentient for more than a very short time following the intravenous injection of 5,000 milligrams of pentobarbital (and, consequently, that he will experience any pain or suffering as a result of the injection of vecuronium bromide and potassium chloride at the intervals specified in the Oklahoma protocol) is also effectively nil.

For the reasons stated on the record on November 19, 2010, and restated in part in this memorandum, the motions for preliminary injunction (doc. nos. 52, 66, and 86) were in all respects **DENIED**.

The stay of execution previously granted as to intervenor plaintiff Jeffrey D. Matthews expired on November 20, 2010. Intervenor plaintiff John David Duty's Motion for Stay of Execution (doc. no. 77) was **DENIED**.

DATED this 22nd day of November, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0141p031.wpd